NOT FOR PUBLICATION

RECEIVED
AUG 1 3 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MCDONALD,

    Plaintiff,

v.

DANIEL GORDON, *et al.*,

    Defendants.

Civ. No. 18-9398

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the motion to dismiss by Defendants Michael Gordon and GLD Foremost Holdings, LLC. (ECF No. 5.) Plaintiff Michael McDonald ("Plaintiff") opposes, and in the alternative seeks leave to amend his Complaint. (ECF No. 12.) The Court has decided this Motion based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Motion to Dismiss is granted. Plaintiff is granted leave to file an amended complaint.

## BACKGROUND

This case arises from a written contract between Plaintiff and Defendants ForeMost Industries, LLC ("Foremost") and Ralph Michael, executed on September 20, 2013. Under the terms of the contract, Foremost, Ralph Michael, Laura Myers, and Karl Schreiber (collectively, "Foremost Defendants") would construct a modular home for $125,495. (Compl. ¶¶ 4–6, Ex. A, ECF No. 3-1.) Plaintiff paid $65,495 up-front, as per the contract. (*Id.* ¶ 7.) Plaintiff alleges that no work was done to meet the contract deadlines, and that he made repeated efforts to contact Defendants to no avail. (*Id.* ¶¶ 8–9.) In May 2014, it was mutually agreed that Foremost would

1

return Plaintiff's deposit and the contract would be terminated. (*Id.* ¶¶ 10–11.) The Foremost Defendants informed Plaintiff that it would withhold $10,000 of his deposit to put towards a future home purchase within two years; Plaintiff agreed, and a letter of September 15, 2014 confirmed this agreement. (*Id.* ¶¶ 12–14.) Plaintiff again attempted to contact Foremost, to no avail, to use this $10,000. (*Id.* ¶¶ 15–16.) On the basis of these facts, Plaintiff brought claims against the Foremost Defendants both for violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.* (Count One), and for breach of contract (Count Two). (*See generally* Compl.)

Plaintiff names two other defendants in the Count Two breach of contract claim: Daniel Gordon and GLD Foremost Holdings, LLC (collectively, "GLD Defendants" or "Moving Defendants"). (*Id.* ¶¶ 20–26.) Plaintiff does not claim that the GLD Defendants were original parties to the contract. Rather, he asserts the following two facts to establish these parties' liability: First, that "subsequent to Plaintiff signing the contract with the ForeMost Defendants, ForeMost Industries was sold to [the GLD Defendants]." (*Id.* ¶ 23.) Second, that "the GLD Defendants have assumed the obligations of ForeMost Industries, Inc., including those obligations owed to Plaintiff under the Contract, and subsequent agreements, which Plaintiff entered into with the ForeMost Defendants." (*Id.* ¶ 24.)

On June 4, 2018, the GLD Defendants moved to dismiss the breach of contract claim against them, arguing that they were not parties to the contract and that Plaintiff does not plead sufficient facts to support their liability for breach of contract. (ECF Nos. 5, 6.) Plaintiff opposed, and Defendant replied. (ECF Nos. 12, 13.) This Motion is presently before the Court.

## **LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a

complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review on a Rule 12(b)(6) motion to the pleadings, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings, *in re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999), including matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted).

## DISCUSSION

Under New Jersey law,[1] a breach of contract claim requires proof that, among other

---

[1] When a contract specifies a choice of law, the court will honor that choice so long as doing so would not violate public policy. *Curtiss-Wright Corp. v. Rodney Hunt Co.*, 1 F. Supp. 3d 277, 284 (D.N.J. 2014) (citing *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124,

3

things, a contract existed between the parties. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). In the complaint, then, a plaintiff must plead facts sufficient to show that such a contract plausibly existed. *See Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins.*, 2018 WL 2441768, at *2, *4–6 (D.N.J. May 31, 2018) (finding pleading sufficient where it named a specific agreement by defendant that established defendant's contractual obligation to plaintiff); *Fischer v. Nat'l Sur. Corp.*, 2017 WL 4711471, at *2–3 (D.N.J. Oct. 20, 2017) (finding pleading sufficient where it alleged that defendant acted on behalf of the contracting party in its dealings with plaintiff, and that defendant was responsible for servicing the contract); *Greenberger v. Varus Ventures LLC*, 2014 WL 6991993, at *5–6 (D.N.J. Dec. 10, 2014) (finding pleading sufficient where it alleged that plaintiff entered into agreements with defendant-individuals acting in their personal capacities, not merely on behalf of a corporation).

Here, Plaintiff does not allege that Moving Defendants were original parties to the contract. Instead, Plaintiff asserts that (1) Moving Defendants bought Foremost Industries after Plaintiff had signed the contract with Foremost, and (2) Moving Defendants "assumed the obligations of ForeMost Industries, Inc., including those obligations owed to Plaintiff under the Contract." (Compl. ¶¶ 23–24.)

The first assertion fails to state a claim upon which relief can be granted. A party's ownership of a corporation does not, by itself, make that party personally liable for the corporation's contractual obligations. *N.J. Dep't of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150,

---

133 (N.J. 1992)). In this dispute neither party has asserted that the contract in question contained a choice of law provision, the contract itself has not been introduced to the record, and Moving Defendants presume that New Jersey law applies (Def's Br. at 9 n.2, ECF No. 6). Later revelation may require application of the law of a state other than New Jersey, but presently the court applies New Jersey law.

4

164 (N.J. 1983). Similarly, a parent corporation is typically not liable for its subsidiary's obligations. *Id.* at 164–65. While the corporate veil may be pierced under some circumstances, making owners personally liable for the corporation's liabilities, *id.*, Plaintiff does not plead facts to support a veil-piercing theory. *See Pathfinder Mgmt. v. Mayne Pharma PTY*, 2008 WL 3192563, at *6, *18 (D.N.J. Aug. 5, 2008).

The second assertion also fails to demonstrate a contract between Plaintiff and Moving Defendants. To state that "the GLD Defendants have assumed the obligations . . . under the Contract" is merely to assert a legal conclusion, *cf. Cotter v. Newark Hous. Auth.*, 422 F. App'x 95, 98 (3d Cir. 2011) (finding the allegation that the parties had "previously negotiated an agreement" to be a legal conclusion in a breach of contract case), and legal conclusions are not to be considered when determining the sufficiency of a complaint. *Iqbal*, 556 U.S. at 679; *Malleus*, 641 F.3d at 563. After the Court properly ignores this conclusory statement, no factual allegations remain to support that Moving Defendants were parties to the contract.[2]

Plaintiff has failed to plead sufficient factual material to show the existence of a contract between itself and the GLD Defendants.[3] Moving Defendants' motion to dismiss must therefore be granted.

---

[2] Defendant attaches the Stock Purchase Agreement, governing the sale of Foremost's stock. (Defs.' Br., Ex. B, ECF No. 5-2.) Even assuming that the Court may consider this document while reviewing a Motion to Dismiss, the Stock Purchase Agreement does not indicate that either of the GLD Defendants became a party to the contract through this purchase.

[3] Plaintiff suggests in its opposition to the Motion that liability to Moving Defendants may be appropriate on a number of bases, including fraud justifying piercing the corporate veil, Gordon's position as an officer at Foremost, other litigation concerning ownership of Foremost's debts, and liability under the New Jersey Consumer Fraud Act. (*See generally* ECF No. 12.) But none of these assertions are contained in the Complaint, and so the Court may not properly consider them. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal citation omitted) ("It is axiomatic that a plaintiff cannot amend its pleading in an opposition brief on a motion to dismiss.").

5

Federal Rule of Civil Procedure 15(a)(2) allows amendment of the pleadings with the court's leave, which should be given freely. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Plaintiff is therefore granted leave to file an amended complaint addressing the deficiencies discussed above, in accordance with Local Civil Rule 15.1(b).

## CONCLUSION

For the foregoing reasons, Defendants' Motion is granted. An appropriate Order will follow.

Date: 8/13/2018

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.